UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
www.flsb.uscourts.gov

In re:                                                  Case No. 17-_____

LE CENTRE ON FOURTH, LLC[1],                            Chapter 11

      Debtor.

_____/

**DEBTOR'S MOTION FOR ENTRY OF ORDER (A) APPROVING COMPETITIVE
BIDDING AND SALE PROCEDURES; (B) APPROVING FORM AND MANNER OF
NOTICES; (C) SCHEDULING DATES TO CONDUCT AUCTION AND HEARING TO
CONSIDER FINAL APPROVAL OF SALE, INCLUDING TREATMENT OF
EXECUTORY CONTRACTS AND UNEXPIRED LEASES; (D) AUTHORIZING SALE
OF SUBSTANTIALLY ALL THE DEBTOR'S ASSETS FREE AND CLEAR OF ALL
LIENS, CLAIMS, ENCUMBRANCES AND INTERESTS; AND
(E) GRANTING RELATED RELIEF**

      Le Centre on Fourth, LLC ("Le Centre" or the "Debtor"), by and through its undersigned

counsel and pursuant to (i) sections 105, 363, 364 and 365 of the Bankruptcy Code, 11 U.S.C. §§

101–1532 (the "Bankruptcy Code"), and (ii) Bankruptcy Rules 2002(a)(2), 6004, 6006 and 9014,

file this *Motion For Entry of Order (A) Approving Competitive Bidding and Sale Procedures;*

*(B) Approving Form and Manner of Notices; (C) Scheduling Dates To Conduct Auction and*

*Hearing to Consider Final Approval of Sale, Including Treatment of Executory Contracts and*

*Unexpired Leases; (D) Authorizing Sale of Substantially All The Debtor's Assets Free and Clear*

*of All Liens, Claims, Encumbrances and Interests; and (E) Granting Related Relief* (the "Bidding

Procedures Motion"). In support of the Bidding Procedures Motion, the Debtor respectfully state

as follows:

---

[1]  The last four digits of the taxpayer identification number for the Debtor are (8977).  The mailing
address for the Debtor is 10463 Harrier Street, Plantation, FL 33324.

## CONCISE STATEMENT

Below is a summary[2] of the nature of the Debtor's request.

- The Sale Terms.

  o    The Sale Price: $72 million, plus Assumed Liabilities (as defined below).

  o    Closing Date: Not later than March 30, 2018.

  o    Closing Conditions: The Sale Order becomes a Final Order.

- The Auction Terms.

  o    Proposed Auction Date: March 13, 2018.

  o    Proposed Bid Deadline: March 9, 2018.

  o    Minimum Incremental Overbid: $250,000.

- Identity of all Known or Potential Lienholders and Approximate Amount of Indebtedness.

  o    U.S. Bank, N.A.: $33,541,494.

  o    Stonehenge Community Development LXVIII, LLC: $3,740,631.

  o    Stonehenge Community Development LX, LLC: $10,000,000.

  o    Stonehenge Community Development LXI, LLC: $10,000,000.

  o    LeCentre on Fourth Master Tenant, LLC: $7,759,369.

## JURISDICTION

1.    This Court has jurisdiction over this case pursuant to 28 U.S.C. §§ 157 and 1334.

This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (M) and (O). Venue is proper in

this District pursuant to 28 U.S.C. §§ 1408 and 1409.

## BACKGROUND

2.    On the date hereof (the "Petition Date"), the Debtor filed its voluntary petition for

relief under the Bankruptcy Code.

---

[2]  To the extent that there is an inconsistency between the terms of this summary and any provision of the Bidding Procedures Order, the terms of Bidding Procedures shall control.

3.     The Debtor continues to operate its business and manage its properties as debtor-in-possession pursuant to §§ 1107(a) and 1108 of the Bankruptcy Code. No request has been made for the appointment of a trustee or examiner and no official committee has yet been appointed in this chapter 11 case.

4.     Debtor is the fee owner of certain real property located in Louisville, Jefferson County, Kentucky, consisting generally of a 340,754 square foot Class A mixed-use commercial building that includes a 304 room *Embassy Suites Hotel*, 51,016 square feet of Class A office space, 966 square feet used as office space by the property manager and 25,096 square feet of Class A retail space (the "Property").

5.     Pursuant to the terms of a Master Lease Agreement dated October 18, 2013 (the "Master Lease"), Debtor leases the entirety of the Property to Le Centre on Fourth Master Tenant, LLC ("Master Tenant").   Stonehenge Community Development LXVIII, LLC, a Delaware limited company, is the sole member of Master Tenant.   Neither the Debtor nor its beneficial owners owns equity in the Master Tenant.   The Master Lease is for a term of 32 years, unless earlier terminated.   Master Tenant is obligated to pay Base Rent and Additional Rent, as defined in the Master Lease.

6.     Pursuant to a Management Agreement between Debtor and Master Tenant dated October 18, 2013 (the "Management Agreement"), Master Tenant retained Debtor to manage the Property (excluding 8,496 square feet of space leased to a third party).   The Management Agreement is for an initial term of 5 years.   Debtor is owed a management fee equal to 5% of the gross revenue of the Property, payable in monthly installments (the "Base Management Fee").

7.      Pursuant to a Hotel Sub-Management Agreement dated October 18, 2013 (the "Sub-Management Agreement") between the Debtor and Al J. Schneider Company, Inc. ("AJS"), Debtor retained AJS to manage the Hotel portion of the Property on substantially the same terms contained in the Management Agreement.  As consideration, Debtor is to pay AJS 52% of the Base Management Fee, monthly in arrears.  AJS is the owner of 501, the entity which owns forty percent (40%) of Le Centre.

8.      U.S. Bank, N.A. ("U.S. Bank") has a first priority security interest in substantially all the assets of the Debtor.  As of July 31, 2017, the Debtor owed U.S. Bank $33,554,494.

9.      As described in the *Chapter 11 Case Management Summary*, filed contemporaneously herewith, the Property enjoys approximately $11.2 million in Historical Tax Credits and approximately $8.3 million New Market Tax Credits (collectively, the "Tax Credits").  The Tax Credits were generated from the re-development and rehabilitation of the Property.  The Debtor financed the re-development, in part, pursuant to various loans from Stonehenge Community Development LXVIII, LLC; Stonehenge Community Development LX, LLC; Stonehenge Community Development LXI, LLC (collectively, the "Stonehenge Lenders") and LeCentre on Fourth Master Tenant, LLC ("Master Tenant").   In the aggregate, the Debtor owes the Stonehenge Lenders approximately $23 million, and the Debtor owes Master Tenant approximately $7.7 million (collectively, the "Tax Credit Financing").  The security interests asserted by each of the Stonehenge Lenders and Master Tenant to secure the Tax Credit Financing are *pari passu*.

10.     The Debtor is advised that in order to preserve the Tax Credits in the context of a sale of the Property, a purchaser of the Property must assume the Tax Credit Financing and the Master Lease.   The Debtor is advised that if the Tax Credit Financing or the Master Lease are

not assumed by the purchaser, the Tax Credits will be recaptured and create a tax liability of approximately $13 million to the Debtor.  Therefore, the Bidding Procedures require each bidder to assume, at a minimum, the Tax Credit Financing and the Master Lease (together, the "Assumed Liabilities").

<u>**SUMMARY OF RELIEF REQUESTED**</u>

11.    The Debtor intends to consummate a sale the Property, consistent with (i) the due process requirements of sections 363 and 365 of the Bankruptcy Code, and (ii) the sale process under the Bidding Procedures. By this Motion, the Debtor seeks approval and implementation of a three-step sales process, as follows:

(a)    a "Bid Procedures Hearing" at which the Debtor will seek approval of the Bidding Procedures, as described below. The Debtor is not seeking emergency or expedited consideration of the bidding procedures;

(b)    an "Auction" to be conducted in accordance with the Bidding Procedures, following a confirmatory due diligence period for parties who timely submit "Qualified Bids". The Debtor proposes to conduct the Auction on March 13, 2018; and

(c)    a Sale Approval Hearing proposed to be held within two (2) business days after the Auction, at which time the Debtor will seek entry of an order (i) authorizing the Sale, (ii) authorizing and approving the form of agreement for purchase and sale, (iii) approving the assumption and assignment of executory contracts and unexpired leases, and (iv) granting related relief (the "Sale Order"). The Debtor requests that the Sale Approval Hearing take place within a time frame that will permit entry of the Sale Order to be entered to allow Closing to occur no later than March 30, 2018.

12.    The Bidding Procedures also provide that prior to or after the submission of bids, the Debtor may enter into an agreement for an initial, opening bid ("Stalking Horse Bid"),

subject to higher and better offers at the Auction (as defined below), providing for a break-up fee up to 2% of the proposed purchase price (the "Breakup Fee") and reimbursement of documented out-of-pocket expenses incurred in connection with the negotiation of the Stalking Horse Agreement up to $150,000.00 (the "Expense Reimbursement").

## RELIEF REQUESTED

### A.    The Bidding Procedures

13.    In order to ensure that the Debtor's estate is able to derive maximum value from the Property, the Debtor seeks to adopt procedures that will foster competitive bidding among potential buyers without eliminating or discouraging any qualified bids.

14.    The Debtor has developed a list of parties who the Debtor believes may potentially be interested in, and who the Debtor reasonably believes would have the financial resources to, consummate a purchase of the Property.

15.    The Debtor believes that the proposed Bidding Procedures constitute the best method of maximizing the value of the Property through a competitive sale process that will allow for the solicitation and submission of bids (as set forth in the Bidding Procedures, a competitive bid submitted in accordance with these procedures shall be deemed a "Qualifying Bid" and such bidder shall constitute a "Qualified Bidder").[3] Accordingly, the Debtor request that the Court enter the Bidding Procedures Order authorizing the Debtor to implement the Bidding Procedures and schedule the Auction as more fully set forth in the Bidding Procedures.

16.    To be considered a Qualified Bid, each bid submitted must comply with the following requirements (as set forth in more detail in the Bidding Procedures):

---

[3]  In the event that there is any inconsistency between the terms of this Motion and any provision in the Bidding Procedures Order or the Bidding Procedures, the Bidding Procedures Order or the Bidding Procedures, as applicable, shall control.

Good Faith Deposit:  Each Bid must be accompanied by a deposit in the amount of $2,000,000 to the trust account of Berger Singerman, LLP (the "Good Faith Deposit").

(b)      Form of Bid:  A Bid must include executed transaction documents pursuant to which the Bidder proposes to effectuate the purchase of the Property (the "Transaction"). The Transaction shall provide for:

(i)  Minimum cash consideration to the Debtor of no less than $72 million in cash, at closing; and

(ii) In order to preserve the Tax Credits that are described in the *Chapter 11 Case Management Summary*, filed contemporaneously herewith, the assumption of (A) indebtedness held by the Stonehenge Lenders and the Master Tenant, and (B) the Master Lease between the Debtor and Master Tenant.

(c)      Corporate Authority:  The Bid must include written evidence acceptable to the Debtor demonstrating appropriate corporate authorization to consummate the proposed Transaction; provided, however, that, if the Bidder is an entity specially formed for the purpose of effectuating the Transaction, then the Bidder must furnish written evidence reasonably acceptable to the Debtor of the approval of the Transaction by the equity holder(s) of such Bidder.

(d)      Proof of Financial Ability to Perform:  The Bid must include written evidence that the Debtor concludes demonstrates that the Bidder has the necessary financial ability to close the Transaction. Such information must include, *inter alia*, the following:

(i)      contact names and numbers for verification of financing sources;

(ii)     evidence of the Bidder's internal resources and proof of unconditional debt or equity funding commitments, from a recognized banking institution in the amount of the cash portion of such Bid or the posting of an irrevocable letter of credit from a recognized banking institution issued in favor of the Debtor in the amount of the cash portion of such Bid, in each case, as are needed to close the Transaction;

(iii)    the Bidder's current financial statements (audited if they exist), provided, that if the Bidder is an entity formed solely for the purpose of the Bid, the Bidder shall include current financial statements (audited if they exist) for such Bidder's equity holders; or

(iv)     any such other form of financial disclosure or credit-quality support information or enhancement reasonably acceptable to the Debtor demonstrating that such Bidder has the ability to close the Transaction; provided, however, that the Debtor shall determine whether the written evidence of such financial wherewithal is acceptable, and shall not unreasonably withhold acceptance of a Bidder's financial qualifications.

(e)    <u>No Contingencies</u>:  A Bid may not be conditioned on obtaining financing or any internal approval, or on the outcome or review of due diligence.

(f)    <u>Irrevocable</u>:    A Bid must be irrevocable through the time of the Auction (as defined herein), <u>provided</u>, <u>however</u>, that if such Bid is accepted as the Successful Bid or the Backup Bid (each as defined herein), such Bid shall continue to remain irrevocable, subject to the terms and conditions of these Bidding Procedures.

17.    The Bidding Procedures also contain the following relevant terms:

(a)    Subject to this Court's approval of the Bidding Procedures Motion, the Auction shall take place on March 13, 2018 (prevailing Eastern Time) at the law offices of Berger Singerman LLP, 350 East Las Olas Boulevard, Suite 1000, Fort Lauderdale, Florida 33301, or such other place and time as the Debtor shall notify all Qualifying Bidders, counsel for U.S. Bank, the Stonehenge Lenders, Master Tenant, the office committee of unsecured creditors, if any. The Debtor and its professionals shall direct and preside over the Auction. At the start of the Auction, the Debtor shall describe the terms of the highest or otherwise best Qualified Bid received prior to the Bid Deadline (such Qualified Bid, the "Auction Baseline Bid").

(b)    An "Overbid" is any bid made at the Auction subsequent to the Debtor's announcement of the Auction Baseline Bid.  Any Overbid thereafter shall be made in increments valued at not less than $250,000.

(c)    The Auction will continue until there is only one Qualified Bid that the Debtor determines, in its reasonable business judgment, is the highest or otherwise best Qualified Bid at the Auction (the bidder submitting such bid, the "Prevailing Bidder"). The party with the next highest or otherwise best Qualified Bid at the Auction, as determined by the Debtor in the exercise of its reasonable business judgment, will be designated as the potential backup bidder (the "Potential Backup Bidder"). In the event

that a Qualified Bidder is identified by the Debtor as the Potential Backup Bidder, such party shall be required to serve as the backup bidder (the "Backup Bidder").

(d)     The Backup Bidder shall be required to keep its initial Bid, if any, (or if the Backup Bidder submitted one or more Overbids at the Auction, its final Overbid) (the "Backup Bid") open and irrevocable until the earlier of (i) 5:00 p.m. (prevailing Eastern time) on the date which is forty-five (45) days after the date of the Sale Hearing (the "Outside Backup Date"); or (ii) the date of closing of a transaction with the Prevailing Bidder or with the Backup Bidder (such transaction, an "Alternative Transaction").

(e)     Following the Sale Approval Hearing and prior to the Outside Backup Date, if the Prevailing Bidder fails to consummate the applicable Alternative Transaction as a result of a breach or failure to perform on the part of such Prevailing Bidder, the Backup Bidder will be deemed to have the new prevailing bid, and Debtor will be authorized, without further order of the Bankruptcy Court, to consummate the transactions contemplated by the Backup Bid.

18.     Except as otherwise provided in the Bidding Procedures Order, the Debtor reserves the right, as it may reasonably determine to be in the best interest of the estate, to: (a) determine which bidders are Qualifying Bidders; (b) determine which bids are Qualified Bids; (c) determine which Qualified Bid is the highest or otherwise best proposal and which is the next highest or otherwise best proposal; (d) reject any bid that is (i) inadequate or insufficient, (ii) not in conformity with the requirements of the Bidding Procedures or the requirements of the Bankruptcy Code, or (iii) contrary to the best interests of the Debtor; (e) remove some or all of the Property from the Auction; (f) waive terms and conditions set forth herein with respect to any or all potential bidders; (g) impose additional terms and conditions with respect to all potential

bidders; (h) extend the deadlines set forth herein; (i) continue or cancel the Auction and/or Sale Approval Hearing in open court without further notice; and (j) modify the Bidding Procedures as it may determine to be in the best interest of the estate or to withdraw the Bidding Procedures Motion at any time with or without prejudice.

**B.**     <u>**Sale of Property**</u>

19.    Among other things, the Debtor proposes the following terms for the sale:

(a)    A purchase price of no less than $72 million cash consideration, plus the assumption of Assumed Liabilities; and

(b)    The conveyance of the Property from the Debtor to the Prevailing Bidder, free and clear of all Liens (other than Assumed Liabilities).

20.    This Court has the statutory authority to authorize the sale free and clear of Liens. Pursuant to section 363(f) of the Bankruptcy Code, a trustee or debtor in possession may sell all or any part of property of the estate, free and clear of any and all liens, claims, encumbrances or interests if:

(a)    applicable non-bankruptcy law permits sale of such property free and clear of such interest;

(b)    such entity consents;

(c)    such interest is a lien and the price at which such property is to be sold is greater than the aggregate value of all liens on such property;

(d)    such interest is in a bona fide dispute, or

(e)    such entity could be compelled, in a legal or equitable proceeding, to accept a money satisfaction of such interest; 11 U.S.C. § 363(f); *In re Elliot*, 94 B.R. 343, 345 (E.D. Pa. 1988) (section 363(f) is written in the disjunctive; the court may approve a sale "free and clear" provided at least one of the subsections is met).

21.     Property of the estate may be sold outside the ordinary course of business. Section 363(b)(1) of the Bankruptcy Code provides that "[t]he trustee, after notice and a hearing, may use, sell, or lease, other than in the ordinary course of business, property of the estate." 11 U.S.C. § 363(b)(1). Courts interpreting section 363(b)(1) of the Bankruptcy Code have held that transactions should be approved under section 363(b)(1) when: (a) they are supported by the sound business judgment of the debtor's management; (b) interested parties are provided with adequate and reasonable notice; (c) the sale price is fair and reasonable; and (d) the purchaser is acting in good faith. *See e.g., In re Delaware & Hudson Ry. Co.*, 124 B.R. 169 (D. Del. 1991); *In re Phoenix Steel Corp.*, 82 B.R. 334, 335-36 (D. Del. 1987). Here, each of those factors is met.

22.     The Debtor, in the sound exercise of its business judgment, has concluded that consummation of the Sale will best maximize the value of the Debtor's estate for the benefit of the Debtor's creditors and other stakeholders.

23.     Pursuant to Section 363(f) of the Bankruptcy Code, the Debtor will sell the Property free and clear of all Liens (other than Assumed Liabilities).

24.     Given the Debtor's interest in proceeding expeditiously, the Debtor requests that the Court waive the fourteen day stay of the effectiveness of the Sale Order consistent with Rule 6004(h) and 6006(g) of the Federal Rules of Bankruptcy Procedure.

**C.**     **The Sale Hearing and Manner of Notice**

25.     Subject to Court approval, the Sale Approval Hearing shall be held before the Court on March 15, 2018 or at such earlier date as counsel and interested parties may be heard.

26.     Objections, if any, to the relief requested in this Motion with respect to the Bid Procedures must: (a) be in writing; (b) comply with the Bankruptcy Rules; (c) be filed with the Clerk of the Bankruptcy Court for the Southern District of Florida, Fort Lauderdale Division, 229 East Broward Blvd., Room 112, Fort Lauderdale, FL 33301 (or filed electronically via

CM/ECF), on or before 4:00 p.m. (prevailing Eastern Time) three business days before the hearing on the Bidding Procedures (the "Bid Procedures Objection Deadline"); and (d) be served upon (i) counsel to the Debtor, (ii) counsel to the official committee, if any (iii) counsel to the Bachelor Land Holdings, LLC, Gunster, Yoakley & Stewart, P.A., Attn: Kenneth G.M. Mather, Esq., (iv) counsel to U.S. Bank, N.A., (v) counsel to the Stonehenge Lenders, and (vi) the Office of the United States Trustee, in each case, so as to be actually received no later than 4:00 p.m. (prevailing Eastern Time) on the same day.

27.     Objections, if any, to the Sale must: (a) be in writing; (b) comply with the Bankruptcy Rules; (c) be filed with the Clerk of the Bankruptcy Court for the Southern District of Florida, Fort Lauderdale Division, 229 East Broward Blvd., Room 112, Fort Lauderdale, FL 33301 (or filed electronically via CM/ECF), on or before 4:00 p.m. (prevailing Eastern Time) on or before 4:00 p.m. two business days prior to the Sale Hearing (the "Sale Objection Deadline"); and (d) be served upon (i) counsel to the Debtor, (ii) counsel to the official committee of unsecured creditors, if any (iii) counsel to Bachelor Land Holdings LLC, Gunster, Yoakley & Stewart, P.A., Attn: Kenneth G.M. Mather, Esq., (iv) counsel to U.S. Bank, N.A., (v) counsel to the Stonehenge Lenders, (vi) the Office of the United States Trustee, in each case, so as to be actually received no later than 4:00 p.m. (prevailing Eastern Time) on the same day.

28.     On or before three (3) business days after entry of the Bidding Procedures Order, the Debtor will cause the bidding procedures, substantially in the form attached as Exhibit 1 the Bidding Procedures Order, as well as a notice, substantially in the form attached as Exhibit 2 to the Bidding Procedures Order (the "Auction and Sale Notice"), to be sent by first-class mail postage prepaid, to the following: (a) all creditors or their counsel known to the Debtor to assert a lien (including any security interest), claim, right, interest or encumbrance of record against all

8150417-3                                    12

or any portion of the Property; (b) the Office of the United States Trustee; (c) all applicable federal, state and local taxing and regulatory authorities having or asserting jurisdiction over the Debtor (including the Internal Revenue Service and the United States Department of Justice) or recording offices or any other governmental authorities that, as a result of the Sale, may have claims, contingent or otherwise, in connection with the Debtor's ownership of the Property or have any known interest in the relief requested by this Motion; (d) the state and local environmental agencies in the jurisdictions where the Debtor owns real property; (e) the United States Attorney's office for the Southern District of Florida; (f) all parties in interest who have requested notice pursuant to Bankruptcy Rule 2002; (g) all parties to any litigation involving the Debtor; (h) all counterparties to any executory contract or unexpired lease of the Debtor; (i) all other known creditors and interest holders of the Debtor, including without limitation, all creditors listed in the Debtor's schedules; and (j) all potential bidders previously identified or otherwise known to the Debtor.

29.     In addition to the foregoing, as soon as practicable, but in any event no later than five (5) business days after the entry of the Bidding Procedures Order, the Debtor shall publish the Sale Notice (modified for publication, as necessary) in *The Wall Street Journal*, national edition.

**WHEREFORE**, the Debtor respectfully requests entry of an order in the form attached

hereto as **Exhibit "A"** granting the relief requested herein, and granting such other and further

relief as is fair and just.

Dated:  November 10, 2017                    BERGER SINGERMAN LLP
                                             *Proposed Counsel for Debtor-in-Possession*
                                             1450 Brickell Avenue, Ste. 1900
                                             Miami, FL 33131
                                             Telephone: (305) 755-9500
                                             Facsimile: (305) 714-4340

                                             By: */s/ Jordi Guso*
                                                 Paul Steven Singerman
                                                 Florida Bar No. 378860
                                                 singerman@bergersingerman.com
                                                 Jordi Guso
                                                 Florida Bar No. 863580
                                                 jguso@bergersingerman.com

**<u>EXHIBIT "A"</u>**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
www.flsb.uscourts.gov

In re:                                          Case No. 17-_____

LE CENTRE ON FOURTH, LLC[1],                    Chapter 11

      Debtor.
_____/


**ORDER (A) APPROVING BIDDING AND
SALE PROCEDURES; (B) APPROVING FORM AND MANNER OF NOTICE; (C)
SCHEDULING DATES TO CONDUCT AUCTION AND HEARING TO CONSIDER
FINAL APPROVAL OF SALE, (D) AUTHORIZING SALE OF SUBSTANTIALLY ALL
THE DEBTOR'S ASSETS FREE AND CLEAR OF ALL LIENS, CLAIMS,
<u>ENCUMBRANCES AND INTERESTS; AND (E) GRANTING RELATED RELIEF</u>**

      **THIS CAUSE** came before the Court on _____, 2017 at _____ m. in

Ft. Lauderdale, Florida upon the *Motion For Entry of Order (A) Approving Competitive Bidding*

*and Sale Procedures; (B) Approving Form and Manner of Notices; (C) Scheduling Dates To*

---

[1]  The last four digits of the taxpayer identification number for the Debtor are (8977).  The mailing
address for the Debtor is 10463 Harrier Street, Plantation, FL 33324.

8208966-1

*Conduct Auction and Hearing to Consider Final Approval of Sale, Including Treatment of Executory Contracts and Unexpired Leases; (D) Authorizing Sale of Substantially All The Debtor's Assets Free and Clear of All Liens, Claims, Encumbrances and Interests; and (E) Granting Related Relief* (the "Motion"). Having reviewed the Motion and the record in this case, and having considered the statements of counsel for the Debtor, and other parties in interest, the Court finds that amending the procedures for a sale of the Property (as defined below) in accordance with this Bidding Procedures Order, is in the best interests of the Debtor's estate. Accordingly,

IT IS HEREBY FOUND AND DETERMINED THAT:

A.     The findings and conclusions set forth herein constitute the Court's findings of fact and conclusions of law pursuant to Rule 7052 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), made applicable to this proceeding pursuant to Bankruptcy Rule 9014;

B.     The Court has jurisdiction over the Motion and the transaction contemplated thereby pursuant to 28 U.S.C. §§ 157 and 1334, and this matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (M) and (O). Venue in this district is proper under 28 U.S.C. §§ 1408 and 1409;

C.     The statutory bases for the relief requested in the Motion are (i) sections 105 and 363 of chapter 11 of title 11 of the United States Code, 11 U.S.C. § 101 et seq. (the "Bankruptcy Code"), and (ii) Bankruptcy Rules 2002(a)(2), 6004 and 9014 and (iii) Rule 6004-1 of the Local Rules of the United States Bankruptcy Court for the Southern District of Florida (the "Local Rules");

D.     Good and sufficient notice of the Motion and the relief sought therein has been given under the circumstances, and no other or further notice is required except as set forth

2

herein with respect to the Sale Hearing.   A reasonable opportunity to object or be heard regarding the relief provided herein has been afforded to creditors, equity holders and other parties in interest;

E.      The Debtor's proposed notice of the Bidding Procedures is appropriate and reasonably calculated to provide all interested parties with timely and proper notice of the Auction, the sale of substantially all of the Debtor's Property (the "Property"), and the Bidding Procedures to be employed in connection therewith;

F.      The Debtor articulated good and sufficient reasons for the Court to:  (i) approve the Bidding Procedures, and (ii) schedule the Sale Hearing, approve the manner of notice of the Motion and the Sale Hearing, and set the Sale Objection Deadline (as defined below); and

G.      The entry of this Bidding Procedures Order is in the best interests of the Debtor, its estate, its creditors, equity holders and other parties in interest; and

H.      The Bidding Procedures are reasonably designed to maximize the value to be achieved for the Property.

IT IS THEREFORE ORDERED THAT:

1.      The Motion is GRANTED as set forth herein.

2.      Except as otherwise provided in this order, all objections to the Motion or the relief provided herein that have not been withdrawn, waived or settled, and all reservations of rights included therein, hereby are overruled and denied on the merits.

3.      The Bidding Procedures, attached hereto as Exhibit 1, are hereby incorporated herein and approved in their entirety.   The Debtor is authorized to take any and all actions necessary or appropriate to implement the Bidding Procedures.

4.     As further described in the Bidding Procedures, the deadline for submitting bids for the Property (the "Bid Deadline") is **March 9, 2018 at 4:00 p.m. (prevailing Eastern Time)**.  No Bid shall be deemed to be a Qualified Bid or otherwise considered for any purposes unless such Bid meets the requirements set forth in the Amended Bidding Procedures.

5.     The Debtor may sell the Property either in bulk or on a lot by lot basis by conducting an Auction in accordance with the Bidding Procedures.

6.     If Qualified Bids are timely received by the Debtor in accordance with the Bidding Procedures, the Auction shall take place on **March 13, 2018 10:00 a.m**. **(prevailing Eastern Time)** at the offices of Berger Singerman LLP, 350 East Las Olas Blvd., Suite 1000, Fort Lauderdale, 33301, or such other place and time as the Debtor shall notify all Qualified Bidders and other invitees.  The Auction shall be conducted in accordance with the Bidding Procedures.

7.     The Sale Hearing shall be held before the Court on **March 15, 2018 at _____.** **(prevailing Eastern Time);** or at such later date and time as counsel and interested parties may be heard.

8.     Objections, if any, to the Sale must: (a) be in writing; (b) comply with the Bankruptcy Rules; (c) be filed with the Clerk of the Bankruptcy Court for the Southern District of Florida, Fort Lauderdale Division, 229 East Broward Blvd., Room 112, Fort Lauderdale, FL 33301 (or filed electronically via CM/ECF), on or before 4:00 p.m. (prevailing Eastern Time) on or before 4:00 p.m. two business days prior to the Sale Hearing (the "Sale Objection Deadline"); and (d) be served upon (i) counsel to the Debtor, (ii) counsel to the official committee of unsecured creditors, if any (iii) counsel to Bachelor Land Holdings LLC, Gunster, Yoakley & Stewart, P.A., Attn: Kenneth G.M. Mather, Esq., (iv) counsel to U.S. Bank, N.A., (v) counsel to

4

the Stonehenge Lenders, (vi) the Office of the United States Trustee, in each case, so as to be actually received no later than 4:00 p.m. (prevailing Eastern Time) on the same day..

9.      The notice, substantially in the form attached hereto as <u>Exhibit 2</u> (the "<u>Sale Notice</u>"), is hereby approved.

10.      On or before three (3) business days after entry of this Bidding Procedures Order, the Debtor will cause the Sale Notice to be sent by first-class mail postage prepaid, to the following: (a) all creditors or their counsel known to the Debtor to assert a lien (including any security interest), claim, right, interest or encumbrance of record against all or any portion of the Property; (b) the Office of the United States Trustee; (c) all applicable federal, state and local taxing and regulatory authorities of the Debtor or recording offices or any other governmental authorities that, as a result of the sale of the Property, may have claims, contingent or otherwise, in connection with the Debtor's ownership of the Property or have any known interest in the relief requested by the Motion; (d) the state and local environmental agencies in the jurisdictions where the Debtor owns real property; (e) the United States Attorney's office for the Southern District of Florida; (f) all parties in interest who have requested notice pursuant to Bankruptcy Rule 2002 as of the date of entry of this Bidding Procedures Order; (g) all parties to any litigation involving the Debtor; (h) all counterparties to any executory contract or unexpired lease of the Debtor; (i) all other known creditors and interest holders of the Debtor; and (j) all potential bidders, previously identified or otherwise known to the Debtor

11.      **Copies of exhibits to the Bid Procedures Motion may be obtained by request in writing, by telephone, or via email from counsel to the Debtor: Berger Singerman, LLP, 1450 Brickell Boulevard, Suite 1900, Miami, Florida 33131, Attn: Jordi Guso, Esq.; Tel.**

**(305) 755-9500; email at jguso@bergersingerman.com.    In addition, copies of the**
**aforementioned may be found on the Pacer website, http://ecf.flsb.uscourts.gov.**

12.    The Sale Hearing may be continued, from time to time, without further notice to
creditors, equity holders or other parties in interest other than by announcement of said
continuance before the Court on the date scheduled for such hearing or in the hearing agenda for
such hearing.

13.    If an Auction is conducted, the party with the next highest and best Qualified Bid,
as determined by the Debtor, in the exercise of its reasonable business judgment, will be
designated as the backup bidder (the "Backup Bidder").

14.    The Debtor further reserves the right as it may  determine to be in the best interests
of its estate, to:  (a) determine which bidders are Qualified Bidders; (b) determine which Bids are
Qualified Bids; (c) determine which Qualified Bid is the highest and best proposal and which is
the next highest and best proposal; (d) reject any Bid that is (i) inadequate or insufficient, (ii) not
in conformity with the requirements of the Bidding Procedures or the requirements of the
Bankruptcy Code, or (iii) contrary to the best interests of the Debtor and its estate; (e) remove
some or all of the Property from the Auction; (f) waive terms and conditions set forth herein with
respect to all potential bidders; (g) impose additional terms and conditions with respect to all
potential bidders; (h) extend the deadlines set forth herein; (i) continue or cancel the Auction
and/or Sale Hearing in open court without further notice; and (j) modify the Bidding Procedures
as it may determine to be in the best interests of its estate or to withdraw the Motion at any time
with or without prejudice.  In making such determination, the Debtor may take account of non-
price considerations, such as the risk that the purchaser will fail to close.

6

15.    To the extent that any chapter 11 plan confirmed in this case or any order confirming any such plan or any other order in this case (including any order entered after any conversion of these cases to cases under chapter 7 of the Bankruptcy Code) alters, conflicts with or derogates from the provisions of this Bidding Procedures Order, the provisions of this Bidding Procedures Order shall control.  The Debtor's obligations under this Bidding Procedures Order, the provisions of this Bidding Procedures Order shall survive confirmation of any plan of reorganization or discharge of claims thereunder and shall be binding upon the Debtor, and the reorganized or reconstituted debtor, as the case may, after the effective date of a confirmed plan or plans in the Debtor's case (including any order entered after any conversion of these cases to cases under chapter 7 of the Bankruptcy Code).

16.    The stay provided for in Bankruptcy Rule 6004(h) is hereby waived and this Bidding Procedures Order shall be effective immediately upon its entry.

17.    All time periods set forth in this Amended Bidding Procedures Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

18.    The Debtor is authorized to take all actions necessary to effectuate the relief granted pursuant to this Bidding Procedures Order in accordance with the Motion.

19.    The Court shall retain jurisdiction over any matters related to or arising from the implementation of this Bidding Procedures Order.

#   #   #

8208966-1

<u>Submitted by</u>:
Jordi Guso, Esq.
Berger Singerman LLP
1450 Brickell Avenue, Suite 1900
Miami, FL  33131
Telephone: 305-755-9500
Facsimile: 305-714-4341
Email: jguso@bergersingerman.com

*(Jordi Guso, Esq. is directed to serve a signed copy of this Order upon all interested parties and to file a Certificate of Service with the Court.)*

8208966-1

**<u>EXHIBIT 1 to the Bidding Procedures Order</u>**

**<u>(Bidding Procedures)</u>**

## BIDDING PROCEDURES[1]

By the Motion dated November __, 2017, LeCentre on Fourth, LLC, (the "<u>Debtor</u>"),[2] sought approval of, among other things, the bidding procedures through which the Debtor will determine the highest and best bid for the sale of substantially all of its property (the "<u>Purchased Assets</u>").

On _____, 2017, the United States Bankruptcy Court for the Southern District of Florida (the "<u>Bankruptcy Court</u>") entered an order (the "<u>Bidding Procedures Order</u>"), which, among other things, authorized the Debtor to determine the highest and best price for the Purchased Assets through the process and procedures set forth below (the "<u>Bidding Procedures</u>").

### Auction Qualification Process

To be eligible to participate in the Auction (defined below), each offer, solicitation or proposal (each, a "<u>Bid</u>"), and each party submitting such a Bid (each, a "<u>Bidder</u>"), must be determined by the Debtor to satisfy each of the following conditions:

(a)    <u>Good Faith Deposit</u>:  Each Bid must be accompanied by a deposit in the amount of $2 million to the trust account of Berger Singerman, LLP (the "<u>Good Faith Deposit</u>").

(b)    <u>Form of Bid</u>:  A Bid must include executed transaction documents pursuant to which the Bidder proposes to effectuate the purchase of the Purchased Assets (the "<u>Transaction</u>").  The Transaction shall provide for:

(i)  Minimum cash consideration to the Debtor of no less than $72 million in cash, at closing; and

(ii) In order to preserve the Tax Credits that are described in the *Chapter 11 Case Management Summary,* filed contemporaneously herewith, the assumption of (A) indebtedness held by the Stonehenge Lenders and the Master Tenant, and (B) the Master Lease between the Debtor and Master Tenant.

(c)    <u>Corporate Authority</u>:  The Bid must include written evidence acceptable to the Debtor demonstrating appropriate corporate authorization to consummate the proposed Transaction; <u>provided</u>, <u>however</u>, that, if the Bidder is an entity specially formed for the purpose of effectuating the Transaction, then the Bidder must furnish written evidence reasonably acceptable to the Debtor of the approval of the Transaction by the equity holder(s) of such Bidder.

---

[1] Capitalized terms used but not defined herein shall have the meanings set forth in the motion to approve these Bidding Procedures (the "<u>Bidding Procedures Motion</u>").

[2] The last four digits of the taxpayer identification number for the Debtor are (8977).  The mailing address for the Debtor is 10463 Harrier Street, Plantation, FL 33324.

(d)      Proof of Financial Ability to Perform:  The Bid must include written evidence that the Debtor concludes demonstrates that the Bidder has the necessary financial ability to close the Transaction. Such information must include, *inter alia*, the following:

   (i)       contact names and numbers for verification of financing sources;

   (ii)      evidence of the Bidder's internal resources and proof of unconditional debt or equity funding commitments, from a recognized banking institution in the amount of the cash portion of such Bid or the posting of an irrevocable letter of credit from a recognized banking institution issued in favor of the Debtor in the amount of the cash portion of such Bid, in each case, as are needed to close the Transaction;

   (iii)     the Bidder's current financial statements (audited if they exist), provided, that if the Bidder is an entity formed solely for the purpose of the Bid, the Bidder shall include current financial statements (audited if they exist) for such Bidder's equity holders; or

   (iv)     any such other form of financial disclosure or credit-quality support information or enhancement reasonably acceptable to the Debtor demonstrating that such Bidder has the ability to close the Transaction; provided, however, that the Debtor shall determine whether the written evidence of such financial wherewithal is acceptable, and shall not unreasonably withhold acceptance of a Bidder's financial qualifications.

(e)      No Contingencies:  A Bid may not be conditioned on obtaining financing or any internal approval, or on the outcome or review of due diligence.

(f)      Irrevocable:  A Bid must be irrevocable through the time of the Auction (as defined herein), provided, however, that if such Bid is accepted as the Successful Bid or the Backup Bid (each as defined herein), such Bid shall continue to remain irrevocable, subject to the terms and conditions of these Bidding Procedures.

(g)      Bid Deadline:  Regardless of when a party qualifies as a Preliminarily Interested Purchaser, the following parties must actually receive a Bid in writing, on or before **March 9, 2018 at 4:00 p.m. (prevailing Eastern Time)** or such earlier date as may be agreed to by the Debtor (the "Bid Deadline"): (i) the Debtor, LeCentre on Fourth, LLC, 10463 Harrier Street, Plantation, FL 33324, Attn: Ian Ratner, Chief Restructuring Officer; and (ii) counsel for the Debtor, Berger Singerman LLP, 1450 Brickell Ave, Suite 1900,  Miami,  Florida 33131, Attn: Jordi  Guso, Esq. (jguso@bergersingerman.com).   If the Debtor receives one or more Qualified Bids (as defined below), as soon as practicable after the Bid Deadline, the Debtor shall file a notice disclosing the identity and aggregate consideration offered by such Qualified Bid(s).

A Bid received from a Bidder on or before the Bid Deadline that meets the above requirements shall constitute a "Qualified Bid," and such Bidder shall constitute a "Qualified Bidder."

### Stalking Horse Bidder, Breakup Fee and Expense Reimbursement.

Prior to or after the submission of bids, the Debtor may enter into an agreement ("Stalking Horse Bid"), subject to higher and better offers at the Auction (as defined below), providing for a Breakup fee up to 2% of the proposed purchase price (the "Breakup Fee") and reimbursement of documented out-of-pocket expenses incurred in connection with the negotiation of the Stalking Horse Agreement up to $150,000.00 (the "Expense Reimbursement").

### Auction

If one or more Qualified Bids are received by the Bid Deadline, the Debtor will conduct an auction (the "Auction") to determine the highest and best Qualified Bid.

The Auction shall take place on **March 13, 2018 at 10:00 a.m. (prevailing Eastern Time)** at the offices of Berger Singerman LLP, 350 East Las Olas Boulevard, Suite 1000, Fort Lauderdale, Florida 33301, or such other place and time as the Debtor shall notify all Qualified Bidders, including the Proposed Purchaser, and other invitees. The Auction shall be conducted according to the following procedures:

(a)    The Debtor shall conduct the Auction, and

(b)    The Auction may be transcribed by a certified court reporter and it may be videotaped should the Debtor elect to do so.

The Debtor and its professionals shall direct and preside over the Auction.  At the start of the Auction, the Debtor shall describe the terms of the highest and best Qualified Bid received prior to the Bid Deadline (such Qualified Bid, the "Auction Baseline Bid").  Each Qualified Bidder participating in the Auction must confirm that it has not engaged in any collusion with respect to the bidding or sale of the Purchased Assets and at the Debtor's request, each Qualified Bidder must disclose the direct and indirect legal and beneficial owners of the Qualified Bidder.

Unless otherwise agreed by the Debtor, only the Debtor, its counsel and other professionals, representatives of U.S. Bank, N.A. and its counsel, and any Qualified Bidder, in each case, along with their representatives, shall attend the Auction in person, and only Qualified Bidders will be entitled to make any Bids at the Auction.

(c)    Terms of Overbids.

An "Overbid" is any bid made at the Auction subsequent to the Debtor's announcement of the Auction Baseline Bid.  Any Incremental Bid after the Initial Overbid shall be made in increments valued at not less than $250,000.

Except as modified herein, an Overbid must comply with the conditions for a Qualified Bid set forth above, provided, however, that the Bid Deadline shall not apply. Any Overbid must remain open and binding on the Bidder until and unless the Debtor accepts a higher Overbid.

To the extent not previously provided (which shall be determined by the Debtor) a Bidder submitting an Overbid must submit, as part of its Overbid, written evidence (in the form of financial disclosure or credit-quality support information or enhancement reasonably acceptable to the Debtor) demonstrating such Bidder's ability to close the Transaction proposed by such Overbid and performance obligations under any assumed contracts.

(i)     Announcing Overbids.

The Debtor shall announce at the Auction the material terms of each Overbid, the basis for calculating the total consideration offered in each such Overbid and the resulting benefit to the Debtor's estates based on, *inter alia*, the Bid Assessment Criteria.

(ii)    Consideration of Overbids.

The Debtor reserves the right, in its reasonable business judgment to make one or more continuances of the Auction to, among other things: facilitate discussions between the Debtor and individual Bidders; allow individual Bidders to consider how they wish to proceed; and give Bidders the opportunity to provide the Debtor with such additional evidence as the Debtor in its reasonable business judgment may require, that the Bidder has sufficient internal resources, or has received sufficient non-contingent debt and/or equity funding commitments, to consummate the proposed Transaction at the prevailing Overbid amount.

(d)     Backup Bidder.

Notwithstanding anything in these Bidding Procedures to the contrary, if an Auction is conducted, the party with the next highest Qualified Bid after the Bid made by the Prevailing Bidder (as defined herein) or otherwise next best Qualified Bid at the Auction, as determined by the Debtor, in the exercise of its reasonable business judgment will be designated as a backup bidder (the "Backup Bidder"). The Backup Bidder shall be required to keep its initial Bid, if any, (or if the Backup Bidder submitted one or more Overbids at the Auction, its final Overbid) (the "Backup Bid") open and irrevocable until the earlier of (i) 5:00 p.m. (prevailing Eastern time) on the date which is forty-five (45) days after the date of the Sale Hearing (the "Outside Backup Date"); or (ii) the date of closing of a transaction with the Prevailing Bidder or with the Backup Bidder (such transaction, an "Alternative Transaction"). Following the Sale Hearing, if the Prevailing Bidder fails to consummate an approved transaction, because of a breach or failure to perform on the part of such Prevailing Bidder, the Debtor may designate the Backup Bidder to be the new Prevailing Bidder, and the Debtor will be authorized, but not required, to consummate the transaction, with the Backup Bidder without further order of the Bankruptcy Court. In such case, the defaulting Prevailing Bidder's deposit, if any, shall be forfeited to the Debtor. The deposit of the Backup Bidder, if any, shall be held by the Debtor until the earlier of 24 hours after the closing of the transaction with the Prevailing Bidder.

(e)     Additional Procedures.

4

The Debtor may, announce at the Auction additional procedural rules that are reasonable under the circumstances for conducting the Auction so long as such rules are not inconsistent with these Bidding Procedures.

(f)    Consent to Jurisdiction as Condition to Bidding.

All Qualified Bidders at the Auction shall be deemed to have consented to the core jurisdiction of the Bankruptcy Court and waived any right to a jury trial in connection with any disputes relating to these Bidding Procedures, the Auction or the construction and enforcement of any documents delivered in connection with a Bid.

(g)    Sale Is As Is/Where Is.

The Purchased Assets shall be conveyed at Closing, "**AS IS, WITH ALL FAULTS, AND WITHOUT ANY WARRANTY WHATSOEVER, EXPRESS OR IMPLIED,**" except for the explicit representations and warranties set forth in the Asset Purchase Agreement.

(h)    Closing the Auction.

The Auction shall continue until there is only one Qualified Bid that the Debtor determines in its reasonable business judgment, is the highest and best Qualified Bid at the Auction (the "Successful Bid" and the Bidder submitting such Successful Bid, the "Prevailing Bidder").

The Debtor shall not consider any Bids submitted after the conclusion of the Auction.

### Sale Hearing

The Court will conduct a hearing (the "Sale Hearing") on **March 15, 2018 at _____ p.m. (prevailing Eastern Time)**, at which the Debtor will seek approval of the Highest and Best Bid and the Back-Up Bid.  Objections, if any, to the sale of the Purchased Assets to the Prevailing Bidder and the transactions contemplated therewith must be in writing and filed with the Court on or before **March 13, 2018 at 4:00 p.m.** and be served such that they are actually received by (a) counsel to the Debtor, Berger Singerman LLP, Attn: Jordi Guso, Esq., (jguso@bergersingerman.com), 1450 Brickell Avenue, Suite 1900, Miami, FL 33131; and (b) the Office of the United States Trustee, Attn: Damaris Rosich-Schwartz, Esq. (damaris.d.rosich-schwartz@usdoj.gov), 51 SW 1st Ave # 1204, Miami, FL 33130-1614.

### Return of Good Faith Deposit

The Good Faith Deposits of all Qualified Bidders, if any, shall be held in one or more interest-bearing escrow accounts by the Debtor, but shall not become property of the Debtor's estate, absent further order of the Court.  The Good Faith Deposit of any Qualified Bidder that is neither the Prevailing Bidder nor the Backup Bidder, if any, shall be returned to such Qualified Bidder not later than three (3) business days after the Sale Hearing.  The Good Faith Deposit, if

5

any, of the Backup Bidder shall be returned to the Backup Bidder on the date that is the earlier of 24 hours after (a) the closing of the transaction with the Prevailing Bidder and (b) the Outside Backup Date.  Upon the return of the Good Faith Deposits, if any, their respective owners shall receive any and all interest that will have accrued thereon.  If the Prevailing Bidder timely closes the winning transaction, its Good Faith Deposit, if any, shall be credited towards its purchase price.

## **Reservation of Rights**

The Debtor further reserves the right as it may reasonably determine to be in the best interests of its estate, to:  (a) determine which bidders are Qualified Bidders; (b) determine which Bids are Qualified Bids; (c) determine which Qualified Bid is the highest and best proposal and which is the next highest and best proposal; (d) reject any Bid that is (i) inadequate or insufficient, (ii) not in conformity with the requirements of these Bidding Procedures or the requirements of the Bankruptcy Code or (iii) contrary to the best interests of the Debtor and its estate; (e) remove some or all of the Purchased Assets from the Auction; (f) waive terms and conditions set forth herein with respect to all potential bidders; (g) impose additional terms and conditions with respect to all potential bidders; (h) extend the deadlines set forth herein; (i) continue or cancel the Auction and/or Sale Hearing in open court without further notice; and (j) modify these Bidding Procedures as it may determine to be in the best interests of its estate or to withdraw the Motion at any time with or without prejudice.

6

**EXHIBIT 2 to the Bidding Procedures Order**

**(Sale Notice)**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
www.flsb.uscourts.gov

In re:

Case No. 17-_____

LE CENTRE ON FOURTH, LLC[1],
Chapter 11

        Debtor.

_____/

### NOTICE OF AUCTION AND SALE HEARING

**PLEASE TAKE NOTICE OF THE FOLLOWING:**

1.        On _____, 2017, LeCentre on Fourth, LLC (the "Debtor"), filed a Motion[2] for entry of an order (the "Bidding Procedures Order"), among other things, (a) approving Bidding Procedures for the sale of the real property and improvements thereon owned by the Debtor in the Embassy Suites Hotel located in Louisville, Kentucky (the "Purchased Assets"); (b) approving the form and manner of notice of the auction of the Purchased Assets and the Sale Hearing; and (c) scheduling a sale hearing (the "Sale Approval Hearing") to consider the sale of the Purchased Assets and setting objection and bidding deadlines with respect to the sale of the Purchased Assets. The Motion additionally requests entry of an order (the "Sale Order") approving (i) the sale of the Purchased Assets free and clear of liens, claims, encumbrances and interests, except as set forth in the Bidding Procedures Order; and (ii) certain related relief.

2.        On _____, 2017, the United States Bankruptcy Court for the Southern District of Florida entered the Bidding Procedures Order [ECF No. _____]. Pursuant to the Bidding Procedures Order, the auction for the Purchased Assets shall take place on _____, **2018 at _____ a.m./p.m. (prevailing Eastern Time)** at Berger Singerman LLP, 350 E. Las Olas Boulevard, Suite 1000, Fort Lauderdale, Florida 33301. Only parties that have submitted a Qualified Bid in accordance with the Bidding Procedures, by no later than _____, **2017 at 4:00 p.m. (Eastern Time)** (the "Bid Deadline") may participate at the Auction.  Any party that wishes to take part in this process and submit a bid for the Purchased Assets must submit their bid prior to the Bid Deadline and in accordance with the Bidding Procedures.  Parties interested in receiving information regarding the sale of the Purchased Assets should contact the Debtor: Ian Ratner, Chief Restructuring Officer.

3.        The Sale Approval Hearing to consider approval of the sale of the Purchased Assets to Prevailing Bidder(s) free and clear of all liens, claims and encumbrances (other than Assumed Liabilities) will be held before the Honorable _____, United States Bankruptcy Court, 299 E. Broward Boulevard, Courtroom 308, Fort Lauderdale, Florida 33301on _____, **2017 at _____ a.m./p.m. (prevailing Eastern Time)**, or at such earlier date as counsel may be heard.  The Sale Approval Hearing may be continued from time to time without further notice to creditors or parties in interest other than by announcement of the continuance in open court on the date scheduled for the Sale Approval Hearing (or in agenda).

5.        Objections, if any, to the sale of the Purchased Assets, or the relief requested in the Motion  must: (a) be in writing; (b) comply with the Bankruptcy Rules; (c) be filed with the clerk of the Bankruptcy Court for the Southern District of Florida, United States Bankruptcy Court, 299 E. Broward Boulevard, Room 112, Fort

---

[1]  The last four digits of the taxpayer identification number for the Debtor are (8977).  The mailing address for the Debtor is 10463 Harrier Street, Plantation, FL 33324.

[2]  Capitalized terms used and not otherwise defined herein shall have the meanings ascribed to them in the Motion and/or the Bidding Procedures, as applicable.

Lauderdale, Florida 33301, (or filed electronically via CM/ECF), on or before _____, **2018,** or such earlier date and time as the Debtor may agree and (d) be served so as to be received no later than 4:00 p.m. (prevailing Eastern Time) on the same day, upon:  (i) counsel to the Debtor, Berger Singerman LLP, 1450 Brickell Avenue, Suite 1900, Miami, FL  33131, Attn: Jordi Guso, Esq.; and (ii) the Office of the United States Trustee, 51 S.W. 1st Avenue, Suite 1200, Miami, FL  33131, Attn: Damaris Rosich-Schwartz, Esq.

6.       This Notice and the Sale Hearing are subject to the fuller terms and conditions of the Motion, the Bidding Procedures Order and the Bidding Procedures, which shall control in the event of any conflict and the Debtor encourages parties in interest to review such documents in their entirety.  **Copies of the Motion, the Bidding Procedures, and/or the Bidding Procedures Order may be obtained by request in writing, by telephone, or via email from counsel to the Debtors: Berger Singerman LLP, 1450 Brickell Avenue, Suite 1900, Miami, FL  33131, Attn: Jordi Guso, Esq.; Tel. (305) 755-9500; email at jguso@bergersingerman.com. In addition, copies of the aforementioned pleadings may be found on the Pacer website, http://ecf.flsb.uscourts.gov.**

Dated: November __, 2017                    Respectfully submitted,

                                            BERGER SINGERMAN LLP
                                            *Counsel for Debtor-in-Possession*
                                            1450 Brickell Avenue, Ste. 1900
                                            Miami, FL  33131
                                            Telephone: (305) 755-9500
                                            Facsimile:  (305) 714-4340

                                            By:   */s/ Jordi Guso*_____
                                                  Jordi Guso
                                                  Florida Bar No. 863580
                                                  jguso@bergersingerman.com

2